<u>NOT FOR PUBLICATION</u>



UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Harrieth NNEBE, by her attorney-in-fact
Okechukwu Valentine Nnebe,

        Plaintiff,

v.

NORTHWEST AIRLINE and DELTA
AIRLINE,

        Defendants.

Civ. No. 12-7

OPINION and ORDER

<u>THOMPSON, U.S.D.J.</u>

    This matter has come before the Court on a Motion to Dismiss [docket # 7] filed by Defendant Delta Air Lines, Inc. ("Delta"), as both successor in interest to Defendant Northwest Airlines, Inc.[1] and in its capacity as a named Defendant. This motion was originally returnable on March 19, 2012 and, as such, Plaintiff's opposition to this pending motion was due by March 5, 2012. Plaintiff did not file an opposition brief in time, but on the same day that this Court issued an opinion and order granting Defendant's motion, a separate Order [8] was signed by Judge Goodman adjourning the return date until April 2, 2012. The Court subsequently vacated its original opinion and order. (*See* Order of Mar. 12, 2012) [10]. Plaintiff was given until March 19, 2012 to file a response but has again failed to do so.[2] Therefore, the Court deems the Defendants' motion unopposed. For the following reasons, Defendants' motion will be granted.

---

[1] Defendants are incorrectly captioned in Plaintiff's Complaint.
[2] The Court received, out of time, a letter request from Plaintiff on March 20, 2012. In this letter, Plaintiff requests that the Court reconsider its March 9, 2012 Order, which was later vacated, and cross-moves to remand this case. First, Plaintiff contends that Defendants' removal of this case was improper because it was not made within the time permitted by 28 U.S.C. § 1446(b). This argument, however, was also made out of time. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Plaintiff's second argument is that this Court is without subject matter jurisdiction because the Montreal Convention does not provide for complete preemption of state-law claims. Although there appears to be a split of authorities on this issue, the Court is in

Plaintiff originally filed the Complaint [1-2] in this matter in state court, but it was subsequently removed to this Court by Defendants. (*See* Notice of Removal) [1]. In the Complaint, Plaintiff alleges that Defendants improperly lost a wheelchair of Nnebe's for which they were responsible as she traveled from Newark Liberty International Airport in Newark, New Jersey to Amsterdam Airport Schiphol in Amsterdam, Netherlands and then onto Murtala Muhammed Airport in Lagos, Nigeria.[3] Defendants have moved to dismiss this claim, arguing that Plaintiff's claims are pre-empted by federal law, that her claims are barred by the statute of limitations, and that Okechukwu Valentine Nnebe does not have standing to assert claims on behalf of Harriet Nnebe.

The Montreal Convention is an international treaty that governs air carrier liability for loss or damage to passenger baggage and personal items during international air travel. All three countries related to this case—i.e., the United States, the Netherlands, and Nigeria—are signatory members of the treaty. *See* Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on 28 May 1999 Parties List, *available at* http://legacy.icao.int/icao/en/leb/mtl99.pdf (providing complete list of signatories).

The specific terms of the Montreal Convention provide that:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

---

agreement with those other lower federal courts holding in favor of complete pre-emption. *See, e.g., Rogers v. Cont'l Airlines*, No. 10-3064, 2011 U.S. Dist. LEXIS 107599 (D.N.J. Sept. 21, 2011); *Schaefer-Condulmari v. US Airways Grp., Inc.*, No. 09-1146, 2009 U.S. Dist. LEXIS 114723, at *23–29 (E.D. Pa. Dec. 8, 2009). Therefore, Plaintiff's requests contained in this letter are denied.

[3] For purposes of deciding this motion, the Court accepts as true all of Plaintiff's well-pleaded factual allegations. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

Convention for the Unification of Certain Rules for International Carriage by Air, art. 29, Mar. 28, 1999, S. Treaty Doc. No. 106-45 [hereinafter *Montreal Convention*]. This treaty is the successor to the Warsaw Convention, an earlier treaty that governed air carrier liability for lost baggage. *See, e.g.*, *Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 110 n.4-5 (S.D.N.Y. 2006). In *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999), the United States Supreme Court held that the Warsaw Convention had complete pre-emptive effect over all state court claims. Lower courts that have addressed the issue presented in this case have held that, similar to the Warsaw Convention, "the Montreal Convention has been construed as having a complete preemptive effect over all claims within its scope." *Booker v. BWIA West Indies Airways, Ltd.*, No. 06-2146, 2007 U.S. Dist. LEXIS 33660, at *7 (E.D.N.Y. May 8, 2007) (collecting cases), *aff'd*, 307 F. App'x 491 (2d Cir. 2009). This Court is in agreement with this conclusion. Therefore, Plaintiff's state law claims are pre-empted by federal law and must be dismissed.

Because the Plaintiff's state law claims contained in the Complaint are pre-empted, Defendants' other arguments need not be addressed. Therefore, for good cause having been shown,

IT IS on this ___ day of March, 2012,

ORDERED that Defendants Motion to Dismiss [7] is GRANTED; and it is

ORDERED that Plaintiff's Complaint [1-2] is DISMISSED; and it is

ORDERED that this case is closed.

ANNE E. THOMPSON, U.S.D.J.